In the
United States Court of Appeals
for the Fifth Circuit

---

No. 25-30266

---

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

JONATHAN WAYNE LANAUTE,

*Defendant - Appellant*

---

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 3:24-CR-46-1

---

ORIGINAL BRIEF FOR THE APPELLANT
JONATHAN WAYNE LANAUTE

---

**REBECCA L. HUDSMITH**
Federal Public Defender

**DUSTIN C. TALBOT**
Appellate Chief
Federal Public Defender's Office
Middle and Western Districts of
Louisiana
102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336

*Attorney for the Appellant*

In the
United States Court of Appeals
for the Fifth Circuit

---

No. 25-30266

---

UNITED STATES OF AMERICA,
*Plaintiff - Appellee,*

v.

JONATHAN WAYNE LANAUTE,
*Defendant - Appellant*

---

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 3:24-CR-46-1

---

## ORIGINAL BRIEF FOR THE APPELLANT
## JONATHAN WAYNE LANAUTE

---

## CERTIFICATE OF INTERESTED PERSONS

---

Pursuant to Fifth Circuit Rule 28.2.1, undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

i

**Judges Below:**

> The Honorable Shelly D. Dick, United States District Judge
> The Honorable Erin Wilder-Doomes, United States Magistrate
> Judge

**Defendant - Appellant:**

> Jonathan Wayne Lanaute
> B.O.P. Reg. No. 14067-511

**Attorneys for the Defendant - Appellant:**

> Dustin C. Talbot (on appeal)
> Appellate Chief
> Marci Blaize (in the district court)
> Karl E. Ludwig (in the district court)
> Assistant Federal Public Defenders
> Federal Public Defender's Office
> Middle and Western Districts of Louisiana

**Attorneys for the Government - Appellee**

> Mary Patricia Jones (on appeal)
> Kristen Lundin Craig (in the district court)
> Assistant United States Attorneys

Lafayette, Louisiana, July 28, 2025.

> *s/Dustin C. Talbot*
> DUSTIN C. TALBOT

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant Jonathan Wayne Lanaute respectfully requests oral argument because this case presents a significant issue of first impression in this Circuit regarding the proper application of the categorical approach to Louisiana armed robbery convictions following the Supreme Court's decision in *Borden v. United States* and this Court's ruling in *United States v. Garner*.

This appeal raises questions of substantial importance to federal sentencing practice in the Fifth Circuit. The issue of whether Louisiana armed robbery qualifies as a "crime of violence" under the Sentencing Guidelines affects not only the career offender enhancement under U.S.S.G. § 4B1.1, but also numerous other guideline provisions that depend on the "crime of violence" classification. The resolution of this question will have broad implications for defendants with Louisiana robbery convictions throughout this Circuit.

The complex interplay between Louisiana's general intent jurisprudence, the Supreme Court's holding in *Borden* that reckless conduct cannot satisfy the force clause, and this Court's application of that principle in *Garner* presents novel questions that would benefit from

iii

the focused analysis that oral argument provides. Specifically, the Court's consideration would be aided by oral argument on: (1) whether Louisiana's classification of armed robbery as a "general intent" crime that can be satisfied by reckless or negligent conduct categorically disqualifies it from both the force clause and enumerated offense clause under § 4B1.2; (2) whether the Sentencing Commission exceeded its statutory authority when it expanded the definition of "crime of violence" beyond the congressionally-mandated definition in 18 U.S.C. § 16; and (3) the proper application of the categorical approach to Louisiana case law demonstrating that robbery convictions can be sustained based on reckless creation of intimidation.

The resolution of these issues is sufficiently complex and legally significant that the decisional process would be substantially aided by oral argument, allowing the Court to explore the nuances of Louisiana criminal law, federal sentencing jurisprudence, and constitutional limitations on agency authority that this case presents.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................i

STATEMENT REGARDING ORAL ARGUMENT ...............................iii

TABLE OF CONTENTS ........................................................ v

TABLE OF AUTHORITIES ................................................viii

STATEMENT OF JURISDICTION.........................................1

STATEMENT OF THE ISSUE...............................................2

Whether the district court committed reversible error in classifying Louisiana armed robbery as a "crime of violence" under U.S.S.G. § 4B1.2 when (1) Louisiana armed robbery is a general intent crime that can be committed recklessly or negligently, and therefore cannot qualify under the force clause after *Borden v. United States* and *United States v. Garner*, (2) Louisiana armed robbery is broader than generic robbery as defined in § 4B1.2's enumerated offense clause because it does not require intentional use of force, and (3) the Sentencing Commission exceeded its statutory authority by expanding the definition of "crime of violence" beyond the congressionally-mandated definition in 18 U.S.C. § 16?

STATEMENT OF THE CASE ..................................................2

SUMMARY OF THE ARGUMENT ..........................................6

ARGUMENT .......................................................................9

   I.   The district court erred in classifying Louisiana armed robbery as a "crime of violence" under the Sentencing Guidelines, requiring resentencing .............................................9

      A.   Standard of review: *de novo* ..............................................9

B.    Applicable law: the Guidelines' definition of "crime of violence" and the categorical approach .............................. 9

C.    Argument ........................................................................ 11

   1.    The district court erred because Louisiana armed robbery cannot qualify as a crime of violence under the force clause or the enumerated offense clause ...... 11

      a.    Louisiana armed robbery cannot qualify under *the force clause* because it is a general intent crime that permits reckless or negligent conduct ........................................... 12

        i.    Louisiana armed robbery is definitively a general intent crime under Louisiana law 12

        ii.    Louisiana courts have applied the armed robbery statute to reckless conduct ........... 13

        iii.   Pre-*Borden* Fifth Circuit force clause precedent for Louisiana armed robbery is no longer good law ..................................... 15

      b.    Louisiana armed robbery is not a crime of violence under *the enumerated offense clause* ........................................................... 19

        i.    The Guidelines' robbery definition incorporates *Borden's* intentional force requirement ............................................... 20

        ii.   Alternatively, the Louisiana armed robbery statute is categorically broader than the Guidelines' definition of robbery 21

   iii. Alternatively, the Sentencing Commission exceeded its authority by defining "crime of violence" beyond the scope authorized by Congress ................... 23

  2. The district court's error was not harmless ............... 28

CONCLUSION ....................................................... 32

CERTIFICATE OF SERVICE ................................. 33

CERTIFICATE OF COMPLIANCE ....................... 33

# TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE**

*Borden v. United States*, 593 U.S. 420 (2021) ................................ *passim*

*Carcieri v. Salazar*, 555 U.S. 379 (2009) ................................................. 27

*Field v. Clark*, 143 U.S. 649 (1892) ........................................................ 24

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) ..................................................... 25

*Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) ........................ 24

*Marbury v. Madison*, 5 U.S. 137 (1803) .................................................. 24

*Mistretta v. United States*, 488 U.S. 361 (1989) ........................ 23, 24, 28

*Safer Chems. v. United States EPA*, 943 F.3d 397 (9th Cir. 2019) ....... 27

*Sessions v. Dimaya*, 584 U.S. 148 (2018) ................................................ 25

*State v. Banks*, 694 So. 2d 401 (La. App. 5 Cir. 1997) ........................... 22

*State v. Davis*, 111 So. 3d 100 (La. App. 1st Cir. 2012) .................... 12-13

*State v. Horne*, 554 So.2d 820 (La. App. 5th Cir. 1989) ......................... 12

*State v. Johnson*, 60 So. 3d 43 (La. App. 5 Cir. 2011) ............................ 14

*State v. Laird*, 548 So.2d 373 (La. App. 3 Cir. 1989) ............................. 22

*State v. McCormick*, 737 So. 2d 926 (La. App. 4 Cir. 1999) ................... 22

*State v. Robinson*, 713 So.2d 828 (La. App. 5th Cir. 1998) ........... 7, 13-14

*State v. Smith*, 23 So. 3d 291 (La. 2009) ................................................. 12

*State v. Tolliver*, 818 So. 2d 310 (La. App. 2d Cir. 2002) ...................... 12

*Stokes v. Sw. Airlines*, 887 F.3d 199 (5th Cir. 2018)............................... 17

*United States v. Bates*, 797 F. App'x 888 (5th Cir. 2020), *cert. granted, judgment vacated*, 141 S. Ct. 2782 (2021) ..................................... 18

*United States v. Bates*, 24 F.4th 1017 (5th Cir. 2022) ........................... 18

*United States v. Brown*, 437 F.3d 450 (5th Cir. 2006) ...................... 15-16

*United States v. Garner*, 28 F.4th 678 (5th Cir. 2022).................. *passim*

*United States v. Greer*, 20 F.4th 1071 (5th Cir. 2021) ...................... 18-19

*United States v. Guzman-Rendon*, 864 F.3d 409 (5th Cir. 2017) .......... 29

*United States v. Halverson*, 897 F.3d 645 (5th Cir. 2018) ..................... 30

*United States v. Harris*, 821 F.3d 589 (5th Cir. 2016) ...................... 28-29

*United States v. Howell*, 838 F.3d 489 (5th Cir. 2016) *abrogation recognized by United States v. Greer*, 20 F.4th 1071 (5th Cir. 2021) .......................................................................................... 19

*United States v. Ibarra-Luna*, 628 F.3d 712 (5th Cir. 2010)............ 29-30

*United States v. James*, 950 F.3d 289 (5th Cir. 2020) ...................... 15-16

*United States v. Lara-Martinez*, 836 F.3d 472 (5th Cir. 2016)............. 10

*United States v. Richardson*, App'x 368 (5th Cir. 2016) (unpublished) ...................................................................................... 15, 17

*United States v. Porterie*, No. 22-30457, 2025 WL 457999 (5th Cir. Feb. 11, 2025) (unpublished)......................................................... 19

*United States v. Redmond*, 965 F.3d 416 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1411 (2021) .................................................................. 29

*United States v. Richardson*, 676 F.3d 491 (5th Cir. 2012) .............. 29-30

*United States v. Rocha Flores*, 921 F.3d 1133 (5th Cir. 2019)............... 18

*United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented*, 854 F.3d 284 (5th Cir. 2017) ................................................................ 17

*United States v. Torres-Jaime*, 821 F.3d 577 (5th Cir. 2016) .................. 9

## STATUTES

18 U.S.C. § 16 ...................................................................... *passim*

18 U.S.C. § 841(c) ........................................................................ 26

18 U.S.C. § 924(e)(2)(B)(ii) ........................................................ 27

18 U.S.C. § 1951(b)(1).................................................................. 20

18 U.S.C. § 2113(a) ........................................................................ 3

18 U.S.C. § 3231 ............................................................................ 1

18 U.S.C. § 3559(c)(2)(F)(i)...................................................... 27-28

18 U.S.C. § 3742 ............................................................................ 2

21 U.S.C. §§ 802, 841, 851........................................................ 27-28

26 U.S.C. § 5845(a) ................................................................ 10, 26

28 U.S.C. § 991(a) ...................................................................... 23

28 U.S.C. § 994(a)(1)-(3) ............................................................ 28

28 U.S.C. § 994(b)(1).............................................................. 23, 25

28 U.S.C. § 994(h)........................................................................ 24

28 U.S.C. § 1291 ................................................................. 2

LA. REV. STAT. § 14:2 ................................................. 21-22

LA. REV. STAT. § 14:27 ..................................................... 4

LA. REV. STAT. § 14:64 (armed robbery) .......................... *passim*

## SENTENCING GUIDELINES

U.S.S.G. § 2K2.1(a)(4)(A) ................................................. 18

U.S.S.G. § 4B1.1(a) (career offender) ............................. *passim*

U.S.S.G. § 4B1.1, cmt. n.1 ............................................... 9

U.S.S.G. § 4B1.2 .................................................... 2, 8, 20

U.S.S.G. § 4B1.2(a)(1) (the force clause) ...................... *passim*

U.S.S.G. § 4B1.2(a)(2) (the enumerated offense clause)............... *passim*

U.S.S.G. § 4B1.2(e)(3) ................................................ 20-22

U.S.S.G. § 4B1.2(1) (1987) ........................................... 25-26

U.S.S.G. § 4B1.2(1) (1989) ............................................. 26

U.S.S.G. § 4B1.2 cmt. n.1 (1987) ...................................... 26

U.S.S.G. App.  C. amend. 268 (Nov. 1989) ............................. 26

U.S.S.G. App. C. amend. 798 (Nov. 2016) .............................. 26

U.S.S.G, App. C, amend. 822 (Nov. 2023) .............................. 20

## OTHER SOURCES

The Federalist No. 78, p 525 (A. Hamilton)............................ 24

In the
United States Court of Appeals
for the Fifth Circuit

---

No. 25-30266

---

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

JONATHAN WAYNE LANAUTE,

*Defendant - Appellant*

---

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 3:24-CR-46-1

---

## ORIGINAL BRIEF FOR THE APPELLANT
## JONATHAN WAYNE LANAUTE

---

## STATEMENT OF JURISDICTION

This matter originated in the United States District Court for the

Middle District of Louisiana. The district court's jurisdiction arose under

18 U.S.C. § 3231 inasmuch as the action involved an allegation of an

offense against the United States. This is an appeal of a final judgment

entered by the district court on April 30, 2025. ROA.95. Appellant filed a

1

timely notice of appeal on May 1, 2025. ROA.102. As such, this Court's jurisdiction to review the matter is provided by 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

Whether the district court committed reversible error in classifying Louisiana armed robbery as a "crime of violence" under U.S.S.G. § 4B1.2 when (1) Louisiana armed robbery is a general intent crime that can be committed recklessly or negligently, and therefore cannot qualify under the force clause after *Borden v. United States* and *United States v. Garner*, (2) Louisiana armed robbery is broader than generic robbery as defined in § 4B1.2's enumerated offense clause because it does not require intentional use of force, and (3) the Sentencing Commission exceeded its statutory authority by expanding the definition of "crime of violence" beyond the congressionally-mandated definition in 18 U.S.C. § 16?

## STATEMENT OF THE CASE

Jonathan Wayne Lanaute, a man who has struggled throughout his life with mental health and substance abuse disorders stemming from a profoundly disadvantaged childhood, comes before this Court seeking review of his sentence for bank robbery. ROA.299-307.

On May 3, 2024, while in the grip of these longstanding disorders, Mr. Lanaute robbed United Community Bank in the Middle District of Louisiana, taking approximately $20,000. He approached a cashier and passed her a note saying "give me all the money in the cash register before everybody die [sic] in here." While Mr. Lanaute did not have a firearm or other weapon, the cashier believed he might have a firearm because of the way he held his hand underneath his hoodie. He later fled from officers in his vehicle disregarding traffic rules ultimately crashing into another vehicle before being apprehended. When arrested, law enforcement recovered $8,207.89 in U.S. currency from him. ROA.126-29.

On May 22, 2024, a grand jury in the Middle District of Louisiana returned an indictment charging Mr. Lanaute with one count of bank robbery in violation of 18 U.S.C. § 2113(a). ROA.29. Mr. Lanaute entered a plea of guilty to the sole count in the indictment, without a plea agreement.  ROA.43-46.

A preliminary presentence report (PSR) was filed on September 13, 2024. ROA.208. In the PSR, the probation officer applied the career offender enhancement under U.S.S.G. § 4B1.1(a), based on Mr. Lanaute's

two prior Louisiana robbery convictions: (1) a 2008 conviction for Louisiana Armed Robbery under LA. REV. STAT. § 14:64, and (2) a 2019 conviction for Louisiana Attempted Armed Robbery under LA. REV. STAT. § 14:27, 64. ROA.213. The career offender designation had the effect of raising Mr. Lanaute's total offense level from a 23 to a 29 and his criminal history category from a category V (5) to a category VI (6). ROA.213-14, 215-18. With the career offender enhancement, Lanaute's total offense level was 29 and his criminal history category VI, resulting in an advisory guideline range was 151 to 188 months. ROA.228.

Mr. Lanaute filed objections to the PSR challenging the career offender designation. ROA.258. Mr. Lanaute asserted that his prior convictions for Louisiana Armed Robbery and Louisiana Attempted Armed Robbery were not crimes of violence under the Guidelines because Louisiana armed robbery is a "general intent" crime that can be committed recklessly or negligently. Mr. Lanaute advanced three specific arguments.

First, Mr. Lanaute argued that Louisiana armed robbery fails under the force clause of U.S.S.G. § 4B1.2(a)(1) because, following *Borden v. United States* and *United States v. Garner*, Louisiana armed robbery

4

can be committed recklessly or negligently as a general intent crime. ROA.259-63. Second, Mr. Lanaute argued that Louisiana armed robbery fails under the enumerated offense clause of U.S.S.G. § 4B1.2(a)(2) for the same reason—that it can be committed recklessly or negligently. ROA.263-66. Third, Mr. Lanaute argued that even if the Sentencing Commission attempted to incorporate robbery with a general intent mens rea into the Guidelines' enumerated offenses, the Commission exceeded its authority under its congressional mandate and incorporating statute. ROA.266-72.

The district court held a sentencing hearing on April 29, 2025. ROA.93. The district court rejected Mr. Lanaute's objections and adopted the PSR's career offender designation. ROA.186-88. Mr. Lanaute objected. ROA.188. Despite recognizing Mr. Lanaute's profound personal struggles and acknowledging that he appeared to be a different person than the one who committed the offense, noting that he does well when his medication can be managed in institutional settings, the district court imposed a sentence of 151 months' imprisonment, at the bottom of the career offender guideline range of 151 to 188 months. ROA.201-03. The

district court stated that this sentence relied on the relevant § 3553(a) factors. ROA.203.

A written judgment was entered on April 30, 2025. ROA.95. Mr. Lanaute filed a timely notice of appeal on May 1, 2025. ROA.102.

## SUMMARY OF THE ARGUMENT

The district court erred in classifying Louisiana armed robbery as a "crime of violence" under U.S.S.G. § 4B1.2, resulting in the erroneous application of the career offender enhancement. This error requires reversal and resentencing because Louisiana armed robbery categorically fails to qualify under either the force clause or enumerated offense clause of the Guidelines' "crime of violence" definition.

Louisiana armed robbery categorically fails under both the force clause and enumerated offense clause. The Louisiana Supreme Court has definitively held that armed robbery is a "general intent" crime. Under this Court's decision in *United States v. Garner*, Louisiana general intent crimes "can be committed recklessly or even negligently" because Louisiana's general intent standard "is totally unconcerned with the defendant's state of mind." After *Borden v. United States*, crimes that

permit reckless conduct cannot satisfy the force clause's requirement of intentional force "against the person of another."

Louisiana courts have sustained armed robbery convictions based on purely reckless conduct. In *State v. Robinson*, a Louisiana appellate court affirmed a robbery conviction where the defendant used no threatening words or gestures but merely created intimidation through his "demeanor" and unfamiliar speech patterns. This demonstrates that Louisiana armed robbery reaches negligent or reckless creation of fear—precisely the conduct *Borden* excludes from the force clause.

The enumerated offense clause provides no alternative qualification for three independent reasons. *First*, The Sentencing Commission explicitly designed the Guidelines' robbery definition to require the same intentional force as the force clause, stating the enumerated offense "is consistent with the level of force necessary for a robbery under the force clause." *Second*, Louisiana armed robbery is also categorically broader than generic robbery because it covers "anything of value," not just "personal property," and permits convictions where victims have mere possessory rights rather than ownership.

*Third*, the Commission exceeded its congressional mandate when it included robbery in the enumerated offense clause. Congress defined "crime of violence" exclusively in 18 U.S.C. § 16 and instructed the Commission to ensure Guidelines are "consistent with all pertinent provisions of title 18." The Commission cannot unilaterally expand beyond this statutory definition by creating an enumerated offense list that Congress deliberately omitted from § 16. When Congress wanted to enumerate specific offenses in recidivist statutes, it did so explicitly—as in ACCA and the drug recidivist provisions that include "robbery." The Commission's 2016 addition of robbery to § 4B1.2 exceeded its authority.

The district court's error was not harmless and requires resentencing. The career offender designation increased Mr. Lanaute's Guidelines range from 84-105 months to 151-188 months—a 67-month difference. The district court imposed exactly 151 months, the bottom of the career offender range, without any indication it would impose the same sentence under the correct, substantially lower range. The Government cannot meet its "heavy burden" to prove harmlessness when the sentence tracks the erroneously calculated Guidelines range so precisely.

## ARGUMENT

**I.    The district court erred in classifying Louisiana armed robbery as a "crime of violence" under the Sentencing Guidelines, requiring resentencing**

### A.    Standard of review: *de novo*

Lanaute objected to the Guideline calculations below, for the same reasons raised on appeal. *See* ROA.188, 258. This Court reviews the district court's interpretation and application of the Sentencing Guidelines *de novo. United States v. Torres-Jaime*, 821 F.3d 577, 579 (5th Cir. 2016).

### B.    Applicable law: the Guidelines' definition of "crime of violence" and the categorical approach

The Sentencing Guidelines contain a recidivist enhancement called "career offender" that increases the sentences of certain defendants who have at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.(a).

The commentary to § 4B1.1 states that "crime of violence," as used in that Guideline, has the meaning provided in U.S.S.G. § 4B1.2. *See* § 4B1.1, cmt. n.1. Section 4B1.2(a) defines "crime of violence" as any felony offense under federal or state law that:

(1)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(2)    is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, *robbery*, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C.§ 5845(a) or explosive material as defined in 18 U.S.C.§ 841 (c).

§ 4B1.2(a) (emphasis added). To determine whether a prior conviction qualifies as a "crime of violence" under either provision—*i.e.*, whether it satisfies the so-called "force clause" or qualifies as "generic" robbery— courts must apply the "categorical approach," which "looks only to the statutory definitions—*i.e.*, the elements—of a defendant's prior offense[], and not to the particular facts underlying [the] conviction[]."*United States v. Garner*, 28 F.4th 678, 681 (5th Cir. 2022). "[I]f the relevant statute encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense, the conviction is not a crime of violence as a matter of law." *United States v. Lara-Martinez*, 836 F.3d 472, 475 (5th Cir. 2016) (quotation marks and citation omitted omitted).

In 2021, the Supreme Court held that an offense that can be committed recklessly does not categorically requires the "use of physical force against the person of another." *Borden v. United States*, 593 U.S. 420, 429 (2021). As the Court explained, "[t]he phrase 'against another,'

when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual," and "[r]eckless conduct is not aimed in that prescribed manner." *Id.* In 2022, the Fifth Circuit applied *Borden* to the force clause in § 4B1.2(a)(1)'s "crime of violence" definition and held that Louisiana "general intent" crimes are not categorically crimes of violence because they can be committed recklessly or even negligently. *Garner*, 28 F.4th at 682-83. This is so, the Court held, because Louisiana law utilizes a definition of "general intent" that "is totally unconcerned with the defendant's state of mind." *Id.* at 683. "Thus, reckless or even negligent states of mind can satisfy Louisiana's general intent standard," and, therefore, as dictated by *Borden*, Louisiana general intent crimes are not crimes of violence as defined in § 4B1.2. *Id.* at 683-84.

## C.    Argument

### 1.    The district court erred because Louisiana armed robbery cannot qualify as a crime of violence under the force clause or the enumerated offense clause

After *Borden* and *Garner*, Louisiana armed robbery is categorically broader than the "crime of violence" definition in the Sentencing Guidelines.

     **a.**    **Louisiana armed robbery cannot qualify under *the force clause* because it is a general intent crime that permits reckless or negligent conduct**

        **i.**    **Louisiana armed robbery is definitively a general intent crime under Louisiana law**

The Louisiana armed robbery statute criminalizes "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." LA. REV. STAT. § 14:64. The Louisiana Supreme Court has explicitly held that "armed robbery is a general intent, not specific intent, crime." *State v. Smith*, 23 So. 3d 291, 297 (La. 2009). Louisiana appellate courts have repeatedly recognized the same. *See, e.g., State v. Horne*, 554 So.2d 820, 825 (La. App. 5th Cir. 1989) ("Robbery is a general criminal intent crime"); *State v. Tolliver*, 818 So. 2d 310, 315 (La. App. 2d Cir. 2002) ("Armed robbery is a general intent crime, requiring that the defendant, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act."); *State v. Davis*, 111 So. 3d 100, 103 (La. App. 1st Cir. 2012) ("Simple robbery is a general intent crime.").

Under this Court's holding in *Garner*, this definitive classification as a general intent crime is dispositive. *Garner* established that Louisiana general intent crimes "can be committed recklessly or even negligently" because Louisiana's general intent standard "is totally unconcerned with the defendant's state of mind." *Garner*, 28 F.4th at 683. Therefore, Louisiana armed robbery cannot satisfy *Borden's* requirement that force be used intentionally against another person.

### ii.   Louisiana courts have applied the armed robbery statute to reckless conduct

The practical application of Louisiana's armed robbery statute confirms that it reaches conduct falling short of intentional force. For example, under Louisiana law, the "force or intimidation" element is satisfied if the defendant does not actually use or threaten force to accomplish the taking but merely "create[s] an atmosphere of fear and intimidation." *Davis*, 111 So.3d at 105.

Most tellingly, in *State v. Robinson*, 713 So.2d 828, 830-31 (La. App. 5th Cir. 1998), a Louisiana appellate court affirmed a robbery conviction where "the evidence [did] not show that the defendant used any threatening words or gestures" toward the victim, but the victim "was, by his own account, intimidated by defendant" based on his "demeanor"

13

and use of "slang or 'street' words that are not used in [the victim]'s neighborhood." *Id.* at 830-31. The defendant merely "snatched" change from a cashier's hand during a payment dispute, yet the robbery conviction was upheld because the victim "was afraid of defendant before the taking occurred, despite the fact that defendant *did not use physical force against him.*" *Id.* at 830 (emphasis added).

This holding demonstrates that Louisiana armed robbery reaches scenarios where a defendant creates intimidation through negligent or reckless behavior—such as using unfamiliar language or displaying a particular demeanor—without any purposeful attempt to instill fear. The victim's subjective experience of intimidation becomes sufficient to satisfy the statutory element, making the defendant's mental state regarding that intimidation irrelevant. This is precisely the type of reckless conduct that Borden places beyond the force clause's reach.

Subsequent Louisiana decisions have confirmed this interpretation. *State v. Johnson*, 60 So. 3d 43, 45 (La. App. 5 Cir. 2011), explained that "[t]his Court determined [in *Robinson*] that although the defendant did not use any threatening words or gestures, the victim was, by his own account, intimidated by the defendant." This demonstrates

14

that Louisiana have affirmed robbery convictions based on reckless creation of fear rather than intentional use or threat of force.

> ### iii. Pre-*Borden* Fifth Circuit force clause precedent for Louisiana armed robbery is no longer good law

The government will likely cite pre-*Borden* Fifth Circuit cases holding Louisiana robbery qualifies as a violent felony, but this Court has consistently recognized that *Borden* invalidated such precedent when it concerned crimes that could be committed recklessly.

The government relied below on three pre-*Borden* decisions. *See* ROA.314-16 (citing to *United States v. Brown*, 437 F.3d 450, 453 (5th Cir. 2006), *United States v. Richardson*, App'x 368 (5th Cir. 2016) (unpublished), and *United States v. James*, 950 F.3d 289, 293-94 (5th Cir. 2020)). However, none of these decisions conducted the *mens rea* analysis that *Borden* and *Garner* require, focusing instead solely on the quantum of force—the *actus reus* element—without considering whether the force must be used intentionally.

The first pre-*Borden* case relied upon by the government is *United States v. Brown*, 437 F.3d 450 (5th Cir. 2006), where the Court held that Louisiana simple robbery qualifies as a violent felony under ACCA's force

clause. The court based this holding on the fact that Louisiana classified simple robbery as a state law crime of violence which "necessarily entails the use or threatened use of force." *Id.* at 452. Putting aside that *Brown* did not even consider the statute at issue in the instant case—armed robbery—*Brown* did not even discuss *mens rea*, it was focused solely on the quantum of force necessary—the *actus reus* element of robbery. *Brown* is no longer good law to the extent it allowed for the inclusion of reckless conduct. Since *Brown*, the Supreme Court in *Borden* explicitly required a higher *mens rea* than recklessness for crimes to qualify under ACCA's force clause.

The second pre-*Borden* case relied upon by the government is *United States v. James*, 950 F.3d 289 (5th Cir. 2020), where the Court held that Louisiana armed robbery qualifies as a violent felony under ACCA's force clause. The Court explicitly relied on the *Brown* precedent on Louisiana simple robbery and extended it to Louisiana armed robbery. Like *Brown*, *James* also did not consider the general intent *mens rea* under Louisiana law or that armed robbery can be committed recklessly or negligently under Louisiana law. Thus, *James* is no longer good law to the extent it allowed for the inclusion of reckless conduct. *Borden*

explicitly requires a higher *mens rea* than recklessness for crimes to qualify under ACCA's force clause.

The third pre-*Borden* case relied upon by the government is *United States v. Richardson*, App'x 368 (5th Cir. 2016) (unpublished), which similarly predates *Borden* and contains no *mens rea* analysis. *Id.* at 368. The brief, conclusory holding that Louisiana armed robbery "constituted crimes of violence under U.S.S.G. § 4B1.2" provides no reasoning that would survive *Borden's* requirements.

This Court has repeatedly acknowledged that *Borden* invalidated prior force clause precedent from this Circuit. When the Supreme Court "'expressly or implicitly' overrules one of [this Court's] precedents, [this Court] ha[s] the authority and obligation to declare and implement this change in the law." *Stokes v. Sw. Airlines*, 887 F.3d 199, 204 (5th Cir. 2018) (quoting *United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir.), *supplemented*, 854 F.3d 284 (5th Cir. 2017)). The Supreme Court in *Borden* implicitly overruled any lower court precedent that had previously held that a crime that could be committed recklessly could be a violent felony under the force clause. *Borden*, 593 U.S. at 429.

In *United States v. Bates*, 24 F.4th 1017 (5th Cir. 2022), this Court vacated a sentence post-*Borden* under similar circumstances as those presented here. Bates received a guideline enhancement under U.S.S.G. § 2K2.1(a)(4)(A) when his prior conviction for Texas's version of assault of a public servant was considered a crime of violence under the use of force clause. *Id.* at 1019. In Bates' original appeal, pre-*Borden*, the Court affirmed Bates sentence based on then-binding precedent, *United States v. Rocha Flores*, 921 F.3d 1133 (5th Cir. 2019), which held that Texas's version of assault of a public servant was considered a crime of violence under the use of force clause. *United States v. Bates*, 797 F. App'x 888 (5th Cir. 2020), *cert. granted, judgment vacated*, 141 S. Ct. 2782 (2021). The Supreme Court remanded Bates's case pursuant to *Borden*. *Id.* On remand, this Court agreed with Bates that his prior conviction for Texas's version of assault of a public servant cannot be a crime of violence after *Borden* because it could be committed recklessly. 24 F.4th at 1019. This Court had to consider *Rocha Flores* to be overruled by *Borden* in order to decide the case in favor of Bates.

Similarly, in *United States v. Greer*, 20 F.4th 1071 (5th Cir. 2021), the Court recognized that *Borden* necessarily abrogated the Court's

previous use of force clause decision with respect to the Texas offense of assault family violence by impeding breathing or circulation decision. *Id.* at 1075 (referring to *United States v. Howell*, 838 F.3d 489, 492 (5th Cir. 2016) *abrogation recognized by Greer*, 20 F.4th at 1075);

Most recently, in *United States v. Porterie*, No. 22-30457, 2025 WL 457999, at 3 (5th Cir. Feb. 11, 2025) (unpublished), this Court held that pre-*Borden* precedent regarding Louisiana aggravated battery was no longer binding after *Borden* and *Garner*.

The pattern is clear: this Court consistently recognizes that *Borden* invalidated prior precedent concerning crimes that could be committed recklessly, regardless of the specific offense involved.

### b.    Louisiana armed robbery is not a crime of violence under *the enumerated offense clause*

Louisiana armed robbery is also not a crime of violence under the enumerated offense clause for three independent reasons. The Guidelines' definition of robbery requires the same intentional conduct as the force clause, the elements of Louisiana armed robbery are categorically broader than the Guidelines' definition of robbery, and the Sentencing Commission lacked the authority to add robbery as a crime of violence to the Guidelines.

19

i. **The Guidelines' robbery definition incorporates *Borden's* intentional force requirement**

*First,* Louisiana armed robbery cannot be a "crime of violence" under the enumerated offense clause, § 4B1.2(a)(2), for the same reason it fails under the force clause: it does not require intentional conduct, whereas the Guidelines' definition of robbery does.

Section 4B1.2 defines "robbery" in a manner that tracks the statutory definition of robbery contained in the Hobbs Act:

> "Robbery" is the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of *actual or threatened force*, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining. *The phrase 'actual or threatened force' refers to force that is sufficient to overcome a victim's resistance.*

§ 4B1.2(e)(3) (emphasis added); *see also* U.S.S.G, App. C, amend. 822 (Nov. 2023) (reasons for amendment noting that the § 4B1.2 definition of robbery "mirrors the 'robbery' definition at 18 U.S.C. § 1951(b)(1)").[1]

---

[1]     Available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last accessed July 24, 2025).

The enumerated offense clause requires the same intentional *mens rea* as the force clause because the Sentencing Commission explicitly designed them to be coextensive. In promulgating that definition, the Commission explained that the "actual or threatened force" requirement "is consistent with the level of force necessary for a robbery under the force clause." *Id.* This deliberate alignment means that if Louisiana armed robbery fails the force clause under *Borden* and *Garner*, it necessarily fails the enumerated offense clause as well.

> ii.   **Alternatively, the Louisiana armed robbery statute is categorically broader than the Guidelines' definition of robbery**

*Second* and alternatively, the definition of "robbery" in § 4B1.2(e)(3) requires the thing taken to be "personal property." Under Louisiana armed robbery, the thing taken need only be "anything of value." LA. REV. STAT. § 14:64.

Louisiana law defines "anything of value" saying it:

> [M]ust be given the *broadest possible construction*, including *any conceivable thing* of the slightest value, movable or immovable, corporeal or incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, *not necessarily as synonymous with the traditional legal term "property."*

LA. REV. STAT. § 14:2 (emphasis added).

Louisiana courts have held that the armed robbery statute is violated even where the property was not the victim's personal property—so long as the victim had some greater right to the property than the defendant:

> Moreover, in the prosecution of an armed robbery, the state need not prove that the property taken was owned by the victim; it is only essential that the accused was not the owner, and that the victim had a greater right to the item than did the accused.

*State v. Banks*, 694 So. 2d 401, 410-11 (La. App. 5 Cir. 1997) (citing to *State v. Laird*, 548 So.2d 373 (La. App. 3 Cir. 1989)); *see also State v. McCormick*, 737 So. 2d 926, 930 (La. App. 4 Cir. 1999) (same).

Thus, definitionally, Louisiana armed robbery is broader than robbery under the guidelines because the later only involves "personal property." § 4B1.2(e)(3). This categorical mismatch, covering property beyond "personal property," independently disqualifies Louisiana armed robbery from the enumerated offense clause.

### iii. Alternatively, the Sentencing Commission exceeded its authority by defining "crime of violence" beyond the scope authorized by Congress

*Third* and alternatively, even if this Court were to find that the Guidelines' definition of robbery is a categorical match to Louisiana armed robbery, the Commission exceeded its authority under its congressional mandate when it included robbery as a crime of violence.

When Congress created the Sentencing Commission, it provided a specific definition of "crime of violence" in 18 U.S.C. § 16 and instructed the Commission to ensure Guidelines are "consistent with all pertinent provisions of title 18." 28 U.S.C. § 994(b)(1). The Commission cannot expand beyond these statutory limits without violating the non-delegation doctrine.

Congress created the Sentencing Commission as an administrative agency within the judicial branch as part of the 1984 Comprehensive Crime Control Act (CCCA). 28 U.S.C. § 991(a); *see also Mistretta v. United States*, 488 U.S. 361, 366 (1989) (discussing the Sentencing Reform Act of 1984 and its legislative history). Congress authorized the Commission to promulgate sentencing guidelines and general policy statements for federal courts to use in determining sentences in criminal

cases. 28 U.S.C. §§ 994, 995. This authorization was limited to the issuance of administrative or legislative rules, not actual legislation or law. "Congress generally cannot delegate its legislative power to another Branch [of government]." *Mistretta*, 488 U.S. at 372 (citing *Field v. Clark*, 143 U.S. 649, 692 (1892)).

Recently, when overturning the *Chevron* deference doctrine, the Supreme Court clarified that "[t]he Framers also envisioned that the final 'interpretation of the laws' would be 'the proper and peculiar province of the courts.'" *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 385 (2024) (quoting The Federalist No. 78, p 525 (A. Hamilton)). As the Court explained, "[i]t is emphatically the province and duty of the judicial department to say what the law is." *Id.* (quoting *Marbury v. Madison*, 5 U.S. 137, 177 (1803)).

Within the CCCA, Congress instructed the Commission to specify harsher punishments in the Guidelines for those previously convicted of two or more "crimes of violence." 28 U.S.C. § 994(h). Since the term "crimes of violence" is used in numerous places throughout the twenty-plus chapters of the CCCA, Congress defined the term in 18 U.S.C. § 16 as either:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. "Congress therefore provided in § 16 a general definition of the term 'crime of violence' to be used throughout the [CCCA of 1984]." *Leocal v. Ashcroft*, 543 U.S. 1, 6 (2004). After *Sessions v. Dimaya*, 584 U.S. 148 (2018), struck down subsection (b), only the "use of force" clause in subsection (a) remained. This clause requires the same intentional conduct that the Supreme Court later clarified in *Borden*.

Congress did not leave within the Commission's discretion to expand the definition of "crime of violence" beyond the statutory definition in § 16. In fact, Congress did the opposite in § 994(b)(1) when it ordered the Commission to promulgate Guidelines "that is consistent with all pertinent provisions of title 18, United States Code." 28 U.S.C. § 994(b)(1).

The Commission initially stayed within its statutorily limited function. In 1987, the Commission's first published Sentencing Guidelines manual correctly adopted 18 U.S.C. § 16's "crime of violence"

definition for Guidelines purposes. U.S.S.G. § 4B1.2(1) (1987) stated: "The term 'crime of violence' as used in this provision is defined under 18 U.S.C. § 16."[2]

In the following years, the Commission creeped past its statutory limits in 18 U.S.C. § 16. In 1989, it removed the reference to § 16 and added "burglary of a dwelling, arson, or extortion, involves use of explosives" to § 4B1.2(1) (1989); *See* U.S.S.G. App. C. amend. 268 (Nov. 1989). In 2016, it expanded § 4B1.2's enumerated offenses to include several new offenses, including robbery. *See* U.S.S.G. App. C. amend. 798 (Nov. 2016) (adding "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)" to the enumerated offense clause in § 4B1.2(a)(2)). The 2016 amendment adding robbery to the enumerated offense clause was not in response to any

---

[2] In the commentary to the 1987 career offender guidelines, the Commission interpreted what crimes it believed would generally meet the (now unconstitutional) residual clause: "The Commission interprets this as follows: murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson, or *robbery* are covered by this provision." U.S.S.G. § 4B1.2 cmt. n.1 (1987) (emphasis added).

Congressional action. Section 16 still does not contain an enumerated offense clause.

The Commission's unilateral decision to create an enumerated offense list for "crime of violence" is in improper agency interpretation of a statute, 18 U.S.C. § 16, where Congress has already defined the term "crime of violence." *See Carcieri v. Salazar*, 555 U.S. 379, 391-92 (2009) (rejecting the Department of the Interior's definitional expansion of the term "Indian" in the Indian Reorganization Act since Congress had explicitly and comprehensively defined the term); *Safer Chems. v. United States EPA*, 943 F.3d 397, 425 (9th Cir. 2019) ("Where Congress has explicitly provided a definition for a term, and that definition is clear, an agency must follow it.").

Congress's decision in the CCCA to not include enumerated offenses (like robbery) under the definition of "crime of violence" is dispositive. Congress certainly knew how to list specific offenses it wanted included in recidivism statutes. For example, in the Armed Career Criminal Act, 18 U.S.C. § 924(e), Congress defined "violent felony" to include "burglary, arson, or extortion." § 924(e)(2)(B)(ii). In reference to the drug recidivist enhancements in 21 U.S.C. §§ 802, 841, 851, Congress provided an

extensive list of crimes[3] that fit the definition of "serious violent felony" that included "robbery." 18 U.S.C. § 3559(c)(2)(F)(i). That Congress, when it defined "crime of violence" for the Guidelines, did not include enumerated offenses is dispositive.

The CCCA created the Commission and is the sole basis for its authority to issue Guidelines. 28 U.S.C. § 994(a)(1)-(3)). The Commission cannot go beyond or expand upon the definitions Congress passed in the CCCA. *Mistretta*, 488 U.S. at 371-72. For purposes of the CCCA, Congress exclusively defined the "crime of violence" as meaning 18 U.S.C. § 16(a)'s force clause after *Dimaya* struck down § 16(b). The Commission's attempt to expand on Congress's definition of "crime of violence" exceeded the authority granted by Congress.

### 2.    The district court's error was not harmless

The district court's procedural error in calculating the Guidelines range requires a remand unless the government can establish that the error was harmless. *See United States v. Harris*, 821 F.3d 589, 607 (5th

---

[3] 18 U.S.C. § 3559(c)(2)(F)(i) defines "serious violent felony" to include "murder," "manslaughter other than involuntary manslaughter," "assault with intent to commit murder," "assault with intent to commit rape," "aggravated sexual abuse and sexual abuse," "abusive sexual contact," "kidnapping," "aircraft piracy," "robbery," "carjacking," "extortion," "arson," "firearms use," among others.

Cir. 2016). Establishing harmless error is a "heavy burden" that requires proving that the "sentence the district court imposed was not influenced in any way by the erroneous Guidelines calculation." *United States v. Ibarra-Luna*, 628 F.3d 712, 717, 719 (5th Cir. 2010).

The government can establish harmless error if the wrong Guidelines range is employed in two ways. First, the government can "show that the district court considered both ranges (the one now found incorrect and the one now deemed correct) and explained that it would give the same sentence either way." *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017). Second, where the district court did not consider the correct Guidelines range, the Government must "convincingly demonstrate[] both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Redmond*, 965 F.3d 416, 420 (5th Cir. 2020) (internal quotation marks omitted) (quoting *Ibarra-Luna*, 628 F.3d at 714), *cert. denied*, 141 S. Ct. 1411 (2021).

"This is a 'heavy burden,' and one that requires the proponent to 'point to evidence in the record that will convince [the appellate court]

that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error.'" *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (quoting *Ibarra-Luna*, 628 F.3d at 717-18) (brackets in original). A procedural error is harmless only if the error did not affect the district court's choice of sentence. *United States v. Halverson*, 897 F.3d 645, 652 (5th Cir. 2018).

The Government cannot meet its heavy burden to establish harmless error in this case. The imposed sentence of 151 months was at the bottom of the career offender guideline range of 151 to 188 months. ROA.203. Without application of the erroneous career offender enhancement, Mr. Lanaute's total offense level would have been 23 and his criminal history category V, resulting in a significantly lower advisory guideline range of 84 to 105 months. The career offender designation raised his total offense level from 23 to 29, his criminal history category from V to VI, and doubled his guidelines to 151 to 188 months. ROA.213-14, 215-18. The 67-month difference between the bottom of the ranges (151 vs. 84 months) is substantial and outcome-determinative.

The district court imposed exactly 151 months, the bottom of the career offender range, without any indication it considered or would

impose the same sentence under the non-career offender range of 84-105 months. The district court never stated at sentencing that it had considered both guideline ranges and would impose the same sentence regardless of the career offender designation. The court's placement of the sentence at the bottom of the calculated range suggests it was guided by the Guidelines calculation, making the substantial difference between the ranges material to the sentencing outcome. Under these circumstances, the Government cannot convincingly demonstrate that the district court would have imposed the same 151-month sentence had it calculated the correct, substantially lower guideline range without the career offender enhancement.

## CONCLUSION

For the foregoing reasons, Appellant Jonathan Wayne Lanaute respectfully requests that the Court vacate his sentence and remand for resentencing without application of the career offender enhancement.

Respectfully submitted,

REBECCA L. HUDSMITH
Federal Public Defender

BY:     *s/ Dustin C. Talbot*
        DUSTIN C. TALBOT
        Appellate Chief
        Federal Public Defender's Office
        Middle and Western Districts of Louisiana
        102 Versailles Boulevard, Suite 816
        Lafayette, Louisiana 70501
        Telephone: (337) 262-6336

        *Attorney for the Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been served by the 5th Circuit electronic filing system on the Assistant United States Attorney, on July 28, 2025.

*s/Dustin C. Talbot*
DUSTIN C. TALBOT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,841 words.

2. This document complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century typeface with a 14 point font.

Lafayette, Louisiana, July 28, 2025.

*s/Dustin C. Talbot*
DUSTIN C. TALBOT